IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH VALENTINE AWE,

                Petitioner,                OPINION AND ORDER

      v.                                               14-cv-872-wmc

GRANT COUNTY COURT
OF WISCONSIN,

                Respondent.

---

    Petitioner Kenneth Valentine Awe is currently incarcerated by the Virginia Department of Corrections. Awe has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a felony conviction from Grant County, Wisconsin. He has been granted leave to proceed *in forma pauperis* and the petition is now before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. For reasons set forth briefly below, the court concludes that the petition must be dismissed.

OPINION

    On March 13, 2006, the Grant County Circuit Court accepted Awe's plea of "no contest" to charges of taking and operating a motor vehicle without the owner's consent (two counts) in Grant County Case No. 05CF126. On April 26, 2006, the circuit court sentenced Awe to serve two years in prison, followed by a three-year term of extended supervision. Awe did not appeal.

    In a petition dated December 1, 2014, Awe seeks relief from his conviction in Grant County Case No. 05CF126 on the grounds that he was "tricked" into entering a

no-contest plea by his court-appointed attorney, the prosecutor and the trial judge, who falsely promised that he would be released from custody after completing a four-month drug treatment program.

Awe concedes in his petition that he did not challenge his conviction in a direct appeal or petition for post-conviction review in state court. A habeas petitioner is required to present his federal claims to the state courts in accordance with the state's procedural requirements so that the state courts have a meaningful opportunity to correct any mistakes. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Martin v. Evans*, 384 F.3d 848, 854 (7th Cir. 2004); *Chambers v. McCaughtry*, 264 F.3d 732, 737-38 (7th Cir. 2001). Because Awe could have, but did not present his proposed claim on direct appeal, his petition is barred from review by the doctrine of procedural default. *See Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007). Because Awe's underlying conviction became final in 2006, federal review of his claim is also barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1)(A). Accordingly, his petition must be dismissed.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). A petitioner makes a "substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008). Where denial of relief is based on procedural grounds, the petitioner also must show that jurists of reason "would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, reasonable jurists would not debate the decision that petitioner's claim concerning the validity of his underlying conviction in Grant County Circuit Court is both procedurally barred and untimely. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Petitioner Kenneth Valentine Awe's petition is DISMISSED with prejudice.
2. A certificate of appealability is DENIED.
3. Petitioner may still seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 17th day of February, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge